UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                               - against -

DASHAWN TEJADA,

                               Defendant.

**MEMORANDUM & ORDER**
17-CR-229 (MKB)
23-CV-7262 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Defendant Dashawn Tejada pleaded guilty on December 13, 2017 to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and to using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii).  (Indictment ¶¶ 2–3, Docket Entry No. 1; Min. Entry dated Dec. 13, 2017 (reflecting plea of guilty as to counts two and three of the Indictment).)  On May 10, 2019, former United States District Judge Roslynn R. Mauskopf of the Eastern District of New York sentenced Tejada to 171 months of imprisonment — consisting of 51 months of imprisonment on the Hobbs Act robbery count and 120 months on the use of a firearm during a crime of violence count, to run consecutively — followed by two years of supervised release.[1]  (Min. Entry dated May 10, 2019; J., Docket Entry No. 123.)  On September 13, 2023, Tejada filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 arguing that his 18 U.S.C. § 924(c) ("Section 924(c)") conviction for use of a firearm during a crime of violence should be vacated because Hobbs Act robbery is no longer a valid predicate offense under Section 924(c) following the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022)

---

[1] On September 29, 2023, the case was reassigned from Judge Roslynn R. Mauskopf to the undersigned.  (*See* Order Reassigning Case dated Sept. 29, 2023.)

("Section 2255"). (Def.'s Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Def.'s First Mot."), Docket Entry No. 189.)[2] On March 5, 2024, the Government opposed Tejada's motion. (Gov't Opp'n to Def.'s Mot. ("Gov't Opp'n"), Docket Entry No. 200.) On July 3, 2024, the Court denied Tejada's motion to vacate, set aside, or correct his sentence ("July 2024 Decision"). (July 2024 Decision, Docket Entry No. 208.)

On August 13, 2025, Tejada filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he: (1) did not receive a warning pursuant to *Castro v. United States*, 540 U.S. 375 (2003) from the Court regarding the consequences of his first motion being characterized as a motion to vacate his sentence; (2) could not be convicted of Hobbs Act robbery because it does not qualify as commerce constitutionally regulated by Congress; and (3) received ineffective assistance of counsel because he pleaded guilty to an impermissibly duplicitous count, which was not knowing or voluntary. (Def.'s Sec. Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Def.'s Sec. Mot.") 1, Docket Entry No. 217.) On October 13, 2025, the Government opposed Tejada's motion. (Gov't Opp'n to Def.'s Sec. Mot. ("Gov't Sec. Opp'n"), Docket Entry No. 220.) For the reasons discussed below, the Court transfers the motion to the United States Court of Appeals for the Second Circuit.

---

[2] Because some of the pages of Tejada's motion are unnumbered, the Court refers to page numbers assigned by the Electronic Court Filing ("ECF") system.

I.   **Background**

   a. **Petitioner's conviction and sentencing**

On December 30, 2015, Tejada and others charged as codefendants went to a nightclub in Queens, New York.  (Presentence Investigation Report ("PSR") ¶ 1, Docket Entry No. 78.)[3] While there, they learned that professional basketball players were in the nightclub.  (*Id.*)  Tejada and the others waited in their parked vehicles until their intended victim, a professional basketball player ("the Target"), exited the nightclub.  (*Id.* ¶ 2.)  The Target got into an Uber with a companion, and Tejada and the others followed the vehicle and then "subsequently boxed in the vehicle, forcing it to stop in the middle of the road."  (*Id.*)  Tejada and the others ordered the occupants, including the driver, out of the vehicle at gunpoint and demanded that the Target and the driver "hand over all of their possessions."  (*Id.*)  The Target complied, providing Tejada and the others with his jewelry and cellphones.  (*Id.*)  Tejada then shot the Target in the leg.  (*Id.*) Following the shooting, Tejada and the others fled the scene.  (*Id.*)

On May 2, 2017, Tejada was arrested for the instant offense.  (*Id.* ¶ 6.)  On December 13, 2017, Tejada pleaded guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii).  (Min. Entry dated Dec. 13, 2017.)  On May 10, 2019, Judge Mauskopf sentenced Tejada to 171 months of imprisonment to be followed by two years of supervised release.  (Min. Entry dated May 10, 2019; J.)  Tejada is currently incarcerated at United States Penitentiary, Beaumont with a projected release date of August 30, 2030.  *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Oct. 23, 2025).

---

[3] The PSR has two sets of consecutively numbered paragraphs 1–4 on page 3.  The Court refers to the second set of numbered paragraphs below the section titled "The Offense Conduct." (*See* PSR ¶¶ 1–4, 1–4.)

### b. Petitioner's prior Section 2255 motion

On September 13, 2023, Petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his Section 924(c) conviction should be vacated because Hobbs Act robbery is no longer a valid predicate offense under Section 924(c) following the Supreme Court's decision in *Taylor*, 596 U.S. 845. (Def.'s Mot.) On July 3, 2024, the Court denied the motion on the merits and issued a certificate of appealability pursuant to 28 U.S.C. § 2253(c). (July 2024 Decision 16.) Petitioner did not appeal the Court's decision.

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner in custody pursuant to a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the "sentence was imposed in violation of the Constitution or laws of the United States" or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Medunjanin v. United States*, 99 F.4th 129, 133 (2d Cir. 2024) ("Under 28 U.S.C. § 2255(a), a prisoner may petition a district court to 'vacate, set aside or correct' a sentence if 'the sentence was imposed in violation of the Constitution or laws of the United States, . . . or [the sentence] is otherwise subject to collateral attack.'" (alteration in original)); *Gomez v. United States*, 87 F.4th 100, 106 (2d Cir. 2023) ("A federal inmate may move the district court to 'vacate, set aside or correct' a sentence if 'the sentence was imposed in violation of the Constitution or laws of the United States . . . or [the sentence] is otherwise subject to collateral attack.'" (alteration in original) (quoting 28 U.S.C. § 2255(a))); *Gonzalez v. United States*, 792 F.3d 232, 238 (2d Cir. 2015) ("[A]ll challenges to a [federal] conviction and sentence can . . . be brought in a . . . § 2255 motion . . . ."); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("[Section] 2255 is the

4

appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence." (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997))). In order to prevail on a Section 2255 petition, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)); *United States v. Fnu Lnu*, No. 21-209, 2024 WL 4039575, at *4 (2d Cir. Sept. 4, 2024) (quoting *Bokun*, 73 F.3d at 12) (same); *Tavarez v. United States*, 81 F.4th 234, 240 (2d Cir. 2023) ("Our [c]ourt has long reserved § 2255 relief for prejudicial errors that are so grave, they result in a complete miscarriage of justice." (alteration adopted) (internal quotation marks omitted) (quoting *Kassir v. United States*, 3 F.4th 556, 564 (2d Cir. 2021))). When a defendant attacking his or her sentence is proceeding *pro se*, the court must "read [the defendant's] submissions broadly so as to determine whether they raise any colorable legal claims." *United States v. Parisi*, 529 F.3d 134, 139 (2d Cir. 2008) (citing *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir. 2002)); *Wang v. Dreisbach*, No. 24-2249, 2025 WL 2674130, at *1 (2d Cir. Sept. 18, 2025) ("[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." (quoting *Walker v. Senecal*, 130 F.4th 291, 297 (2d Cir. 2025))); *Walker*, 130 F.4th at 297 (quoting *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023)) (same); *Kravitz*, 87 F.4th at 119 (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)) (same). "[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [district court] must dismiss the motion." *Seabrook v. United States*, No. 22-841, 2023 WL 7489961, at *2 (2d Cir. Nov. 13, 2023) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)).

A Section 2255 motion constitutes a "second or successive" motion if "a prior petition 'raising claims regarding the same conviction or sentence [] has been decided on the merits.'" *Quezada v. Smith*, 624 F.3d 514, 517–18 (2d Cir. 2010) (alteration in original) (quoting *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998)); *Stokes v. Goodman*, No. 23-CV-813, 2023 WL 6557702, at *1 (N.D.N.Y. Sept. 12, 2023) ("A petition is second or successive if a prior petition raising claims regarding the same conviction or sentence has been decided on the merits." (quoting *Quezada*, 624 F.3d at 517–18)); *Behiry v. United States*, No. 16-CR-763, 2023 WL 4811880, at *2 (S.D.N.Y. July 27, 2023) (same). A petitioner seeking to file a "second or successive motion" pursuant to Section 2255 must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) (stating that a second or successive Section 2255 motion "must be certified as provided in [S]ection 2244 by a panel of the appropriate court of appeals"); *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020) ("To file a second or successive motion pursuant to 28 U.S.C. § 2255, a petitioner must 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" (quoting 28 U.S.C. § 2244(b)(3)(A))); *United States v. Tapia-Ortiz*, 593 F. App'x 68, 71 (2d Cir. 2014) (noting that district court would not have had authority to review a Section 2255 motion because respondent had not sought leave to file a second or successive motion). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without [such authorization], the district court should transfer the petition or motion to [the Second Circuit]." *United States v. Larkins*, 670 F. App'x 1, 1–2 (2d Cir. 2016) (first and second alterations in original) (quoting *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)); *see Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) (noting that where no authorization has been obtained from the Circuit to file a second and successive Section 2255 application, "the district court must transfer the motion to" the Circuit); *United States v. Williams*,

6

No. 21-CR-64, 2025 WL 2783700, at *1 (E.D.N.Y. Sept. 30, 2025) ("Before a second or successive Section 2255 motion may be filed in a district court, . . . the applicant is required to 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" (quoting 28 U.S.C. § 2244(b)(3)(A))).

### b. The Court lacks jurisdiction to review Petitioner's Section 2255 motion

Petitioner argues that he is entitled to relief because he: (1) did not receive a warning pursuant to *Castro*, 540 U.S. 375 from the Court regarding the consequences of his first motion being characterized as a motion to vacate his sentence; (2) could not be convicted of Hobbs Act robbery because it does not qualify as commerce constitutionally regulated by Congress; and (3) received ineffective assistance of counsel because he pleaded guilty to an impermissibly duplicitous count, which was not knowing or voluntary. (Def.'s Sec. Mot. 1.)

The Government argues that Petitioner's motion should be dismissed because: (1) *Castro,* 540 U.S. 375 is inapplicable since Petitioner "explicitly and correctly filed and labeled it as a motion for release pursuant to § 2255"; (2) the interstate element is met because Petitioner "targeted the victim specifically because of his status as a professional basketball player whose livelihood made him a direct participant in interstate commerce"; and (3) Petitioner previously stated that he received effective assistance of counsel and his guilty plea for the use of a firearm during a crime of violence was not duplicitous because the indictment "merely cited the various ways in which [Petitioner] could have committed that offense." (Gov't Sec. Opp'n 6–10.)

This is Petitioner's second motion filed pursuant to Section 2255, the first of which the Court decided on the merits. (*See* Def.'s First Mot.; July 2024 Decision.) Petitioner's first Section 2255 motion challenged his convictions on all counts. (*See* Def.'s First Mot.) The current motion is therefore a second successive motion because it "raise[d] claims concerning the same

7

conviction[s] to which [a] prior § 2255 motion was addressed." *Williams*, 2025 WL 2783700, at *1 (third alteration in original) (quoting *Liriano*, 95 F.3d. at 122).

There is no indication that Petitioner has sought leave from the Second Circuit to file the current Section 2255 motion. Because the current motion is a second or successive Section 2255 motion, and Petitioner did not obtain the necessary certification from the Second Circuit to file the current motion, the Court lacks jurisdiction to decide the motion and transfers it to the United States Court of Appeals for the Second Circuit. *See Poindexter*, 333 F.3d at 382 (noting that where no authorization has been obtained from the Circuit to file a second and successive Section 2255 motion after the court addressed the first motion on the merits, "the district court must transfer the motion to" the Circuit); *Williams*, 2025 WL 2783700, at *2 (transferring a second or successive Section 2255 motion to the Second Circuit because the petitioner had not obtained certification from the Circuit); *Behiry*, 2023 WL 4811880, at *2 (same).

### III. Conclusion

For the foregoing reasons, the Court transfers Petitioner's August 13, 2025 Section 2255 motion to the United States Court of Appeals for the Second Circuit.

Dated: October 28, 2025
      Brooklyn, New York

                                  SO ORDERED:

                                  s/ MKB
                                MARGO K. BRODIE
                                United States District Judge